In re: **LONG BEACH MORTGAGE COMPANY TRUTH IN LENDING ACT 1–4 FAMILY RIDER LITIGATION.**

**MDL No. 1876.**

United States Judicial Panel on Multidistrict Litigation.

Nov. 14, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in three actions pending in the Northern District of Illinois, the District of Massachusetts, and the Eastern District of Wisconsin, respectively, as listed on Schedule A, have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. No defendant responded to the motion.

After considering the argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions arise from allegations that Long Beach Mortgage Co., a mortgage lender, violated the Truth in Lending Act or its state law equivalent by failing to disclose that it was taking a security interest in the borrower's personal property via a "1–4 Family Rider" document attached to the mortgage instrument. Centralization under Section 1407 will

eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation, because one of the three actions is already pending there and, by centralizing them before Judge Wayne R. Andersen, we are assigning the litigation to a jurist who has the experience to steer it on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Wayne R. Andersen for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 1876—*In re: Long Beach Mortgage Company Truth in Lending Act, 1–4 Family Rider Litigation*

*Northern District of Illinois*

   Guadalupe Navara, et al. v. Long Beach Mortgage Co., et al., C.A. No. 1:05–864

*District of Massachusetts*

   Ronald W. Carye, et al. v. Long Beach Mortgage Co., C.A. No. 1:06–10887

*Eastern District of Wisconsin*

   Kenneth Mason, et al. v. Long Beach Mortgage Co., et al., C.A. No. 2:07–272